Mr. Marion J. Radson Gainesville City Attorney 200 East University Avenue, Suite 425 Gainesville, Florida 32601
Dear Mr. Radson:
You have asked for my opinion on substantially the following question:
Is the City of Gainesville authorized by section 205.0535, Florida Statutes, to decrease, for a particular classification, the rates of local occupational license taxes established in its occupational license tax ordinance?
In sum:
The City of Gainesville enacted an increase in its occupational license tax ordinance earlier this year. Section 205.0535, Florida Statutes, does not authorize the city to review or alter the terms of this ordinance prior to its next biennial review.
The authority of a municipality to impose a tax is derived from Article VII, section 9, Florida Constitution.[1] While section166.021, Florida Statutes, secures the broad exercise of home rule powers for municipalities granted by Article VIII, section 2(b), Florida Constitution, municipalities possess no home rule powers to levy taxes.[2] Thus, a municipality must be able to point to constitutional or statutory authority to exercise the taxing power.
In exercising its taxing power, a municipality is limited to that authority expressly, or by necessary implication, conferred.[3]
Thus, as a general rule, "a municipality . . . has no inherent power to exempt from taxation property which it is authorized by statute or charter to tax, since, with some exceptions, delegation of power to tax does not include power to exempt from taxation or power to remit or compromise taxes. . . ."[4]
Section 205.042, Florida Statutes, authorizes the governing body of an incorporated municipality, by resolution or ordinance, to levy an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction. Section 205.043(1)(a), Florida Statutes, requires that any such occupational license tax "be based upon reasonable classifications and must be uniform throughout any class." A number of exemptions and partial exemptions from occupational license taxes are set forth in Chapter 205, Florida Statutes.[5]
You have asked specifically about the provisions for reclassification and rate structure revision contained in section205.0535, Florida Statutes. This statute authorized municipalities to reclassify businesses, professions, and occupations and to establish new rate structures by October 1, 1995.
Section 205.0535(3)(a), Florida Statutes, states:
"After the reclassification and rate structure revisions have been transmitted to and considered by the appropriate local governing body, it may adopt by majority vote a new occupational license tax ordinance. Except that a minimum license tax of up to $25 is permitted, the reclassification shall not increase the occupational license tax by more than the following: for licenses costing $150 or less, 200 percent; for licenses costing more than $150 but not more than $500, 100 percent; for licenses costing more than $500 but not more than $2,500, 75 percent; for licenses costing more than $2,500 but not more than $10,000, 10 percent; however, in no case may any license be increased more than $5,000."
According to your letter, the City of Gainesville followed the procedures set out in section 205.0535, Florida Statutes, and adopted its current classifications for occupational license taxes prior to October 1, 1995.
The statute recognizes that changes may occur and necessitate the reconsideration of such ordinances:
"After the conditions specified [for adoption of a new occupational license tax ordinance] are met, municipalities and counties may, every other year thereafter, increase by ordinance the rates of local occupational license taxes by up to 5 percent. The increase, however, may not be enacted by less than a majority plus one vote of the governing body."[6] (e.s.)
Your letter indicates that, pursuant to this subsection, the City of Gainesville enacted a 5 percent increase of all rates earlier this year. You question whether the city may now make downward adjustments to individual classifications.
Where the Legislature has directed how a thing shall be done, it effectively operates as a prohibition against its being done in any other manner.[7] The Legislature has provided specific directions to local governments regarding occupational license tax rate revisions in section 205.0535(4), Florida Statutes. Nothing in that section authorizes a municipality to revisit a validly enacted rate increase prior to its scheduled biennial review or to make downward adjustments to individual classifications.
In sum, while the City of Gainesville may choose, upon its biennial review, to review or alter the rates of local occupational license taxes for particular classifications of businesses, professions and occupations based on findings justifying such treatment, the city is not authorized by section205.0535, Florida Statutes, to change the amount of occupational license taxes until the next biennial review.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Article VII, s. 9(a), Fla. Const, provides:
"Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution."
[2] See, e.g., Ops. Att'y Gen. Fla. 00-01 (2000) (city may not exempt business from occupational license requirement except as provided in Ch. 205, Fla. Stat.); 90-23 (1990) (city may not provide for rebate of ad valorem taxes collected on newly annexed property, in absence of constitutional or statutory authority allowing such action); 80-87 (1980) and 79-26 (1979) (municipality has no home rule powers with respect to levy of excise or non-ad valorem taxes and exemptions therefrom, as all such taxing power must be authorized by general law).
[3] See, Op. Att'y Gen. Fla. 79-26 (1979).
[4] 16 McQuillin Municipal Corporations (3d Rev. ed. 1994) s. 44.65, p. 243. See also, Op. Att'y Gen Fla. 99-72 (1999) (city or county has no home rule power to levy taxes or provide exemptions therefrom).
[5] See, e.g., s. 205.054, Fla. Stat., providing a partial exemption for engaging in business or occupation in an enterprise zone; s. 205.162, Fla. Stat., providing an exemption for certain disabled persons, the aged, and widows with minor dependents; and s. 205.171, Fla. Stat., providing a $50 exemption for disabled veterans of any war or their unremarried spouses whose business is carried on mainly through the personal efforts of the licensee.
[6] Section 205.0535(4), Fla. Stat.
[7] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952);Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).